NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Hector ROSADO-FIGUEROA, pro se, | : |
| Petitioner, | : Civ. No. 09-3267 |
| v. | : OPINION |
| UNITED STATES of America, | : |
| Respondent. | : |

THOMPSON, U.S.D.J.,

    This matter comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [1], filed under 28 U.S.C. § 2255. As the Court concludes that the record developed at Petitioner's sentencing hearing conclusively demonstrates that Petitioner is not entitled to relief, no evidentiary hearing has been held. See United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005). For the reasons explained below, Petitioner's Motion is DENIED.

    On May 10, 2005, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute more than 50 kilograms of cocaine. United States v. Rosado-Figueroa, Crim. No. 04-595 (D.N.J.). On October 17 of the same year, Judge John C. Lifland of the United States District Court, District of New Jersey, sentenced him to 188 months imprisonment. Petitioner now challenges that sentence, arguing that Judge Lifland erred in his sentencing decision.

    This Court has reviewed the record and determined that there is no reason to disturb Petitioner's sentence. Petitioner argues that his sentencing violated Nelson v. United States,

1

which was only recently decided by the United States Supreme Court.  129 S.Ct. 890 (2009).  However, that case simply reiterates a rule that already existed: When imposing a sentence, a Judge must give individualized consideration to the facts in the case; he or she may not treat the sentence suggested by the Sentencing Guidelines as presumptively reasonable.  See Rita v. United States, 551 U.S. 338, 351 (2007); United States v. Cooper, 437 F.3d 324, 331 (3d Cir. 2006).  The record demonstrates that Judge Lifland appropriately considered the facts of Petitioner's case before settling on a sentence of 188 months.  Specifically, the Judge considered the amount of cocaine Petitioner had and the damage that could do, the need for deterrence, protecting the public, Petitioner's psychological issues, and proportionality with other defendants' sentences.  (See Answer, Ex. B., Tr. of Sentencing Hr'g 33.)  There is nothing on the record that would tend to suggest that Judge Lifland simply presumed that the sentence suggested by the Sentencing Guidelines was reasonable.

Furthermore, since Petitioner did not raise this issue on direct appeal, he is procedurally barred from asserting it now.  United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993).  Nelson v. United States simply restates a rule that Rita v. United States had already established, so Petitioner is not excused from failing to make the same argument back in 2007, when his appeal was pending before the Third Circuit.

Finally, there is nothing in the record to support Petitioner's contention that his counsel was constitutionally defective.  To the extent that Petitioner complains of his counsel's failure to make the argument discussed above with regard to Cooper,[1] there was no ineffective assistance because, as explained, Judge Lifland gave appropriate consideration to the individual circumstances of Defendant's case; he did not merely presume that the guidelines range was

---

[1] At the time of Petitioner's sentencing, Rita and Nelson had not yet been decided.

2

reasonable.  Since the outcome would have been the same, there was no prejudice to Petitioner, and hence no ineffective assistance.  Strickland v. Washington, 466 U.S. 668, 694 (1984).

  To the extent that Petitioner complains of his counsel's failure to appreciate that Petitioner was worried about reprisals by others, his claim also fails.  First, there is nothing in the record that so much as suggests that Defendant's counsel was remiss in evaluating his client's position.  More to the point, however, there is no reason to believe that anything counsel could have done would have changed Petitioner's mind about refusing to accept responsibility.  The record demonstrates that Petitioner fully understood the consequences of his statements to the Court, and he chose to accept those consequences.  Since counsel had already made Petitioner aware of the importance of accepting responsibility, there is nothing more that counsel could have done in that regard.  In other words, Petitioner has once again failed to demonstrate prejudice.  Id.

  No certificate of appealability will issue under 28 U.S.C. § 2253(c)(2), insofar as petitioner has failed to make a substantial showing of the denial of some constitutional right over which this Court would have jurisdiction.

  For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [1] is denied.  An appropriate order will follow.

                /s/ Anne E. Thompson
                ANNE E. THOMPSON, U.S.D.J.


      DATED:   Nov. 2, 2009

3